HOPKINS *versus* FOWLER.

Instructions, though true as abstract propositions, which have no foundation in the evidence in the case, but which *may* have had a tendency to mislead the jury, cannot be sustained.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding. ASSUMPSIT.

The parties were co-sureties on a note wherein Lewis Hopkins was principal. The note was paid by plaintiff. At the time the note was given, Lewis was carrying on a tannery in the neighborhood of the defendant, and about sixteen miles from the residence of plaintiff.

Lewis Hopkins was a witness for plaintiff to show for whom the note was discounted. He also testified, that after the note was paid, defendant requested him to get the note and bring it to him, so that he could know it was out of the bank; and he asked plaintiff to let him take it, and show it to defendant, that he might know it was taken up, and that after calling upon him two or three times, the plain-

tiff let him take it, requiring it to be returned to him, and he showed it to defendant, who cut his name out of it.

He also testified that about the time the note was given, he had a lot of five or six hundred hides, which plaintiff procured for him in Boston, and was holden for them; the witness was to have the profits of tanning, and he expected to realize enough to pay the note; it was the understanding the tanning should go in that way, but before they were done leather was down, and nothing came from it.

There was some evidence tending to show that Lewis secured the defendant for becoming his surety, and that the property was given up when he showed to him the note.

No evidence was produced that plaintiff knew that Lewis had given any security to defendant.

The Court instructed the jury that if plaintiff permitted Lewis to take the note, with the intention or expectation that he should exhibit it to Fowler, as evidence that he (Lewis) had paid it, and if Lewis did so exhibit the note, and was thereby enabled to induce Fowler to surrender his security, then the plaintiff is not entitled to recover, even if he did not receive pay from the leather; and that if plaintiff, knowing that Fowler had the property of Lewis in his hands, and that he believed the note to have been paid by Lewis, intentionally neglected to inform Fowler that he had paid the note, till such property had all gone back into the hands of Lewis, and he had become insolvent, then he is not entitled to recover.

A verdict was returned for defendant.

The plaintiff excepted to the instructions, and also submitted a motion to set aside the verdict as being returned against the evidence in the cause.

*Heath,* for plaintiff.

*H. W. Paine* and *A. Libbey,* for defendant.

CUTTING, J. — On a careful examination of " all the testimony presented to the jury," we are unable to perceive, that the plaintiff had any knowledge of the existence of any

mortgage or security from Lewis Hopkins to the defendant to indemnify him against his liability as a co-surety on the note; or that the plaintiff "intentionally neglected to inform the defendant that he had paid the note." From the evidence, it does not appear, that the plaintiff was under any legal obligation to give such information, for he could not have anticipated any loss to the defendant from his neglect to do so. It seems, that the defendant was led into an error (if any there was,) by his conversations with Lewis Hopkins, for which the plaintiff was not legally responsible, they having been made without his knowledge. If the defendant saw fit to rely on such declarations, without ascertaining their truth from the plaintiff, and in consequence thereof surrendered his security, it only shows a misplaced confidence in the person whom he had aided, and for which the plaintiff was in no way accountable. The possession of the note by Lewis Fowler, at the time it was exhibited to the defendant, is accounted for without impeaching the motives of the plaintiff. Consequently the instructions of the presiding Judge, although perhaps true as abstract propositions, were erroneous when applied to the evidence in this case. They must have been called forth upon an assumption of some testimony to warrant them, and if the assumption was erroneous, the instructions became a superstructure without a foundation, and might have had some tendency to mislead the jury.

On the other hand, if the instructions were correct, the verdict is clearly against evidence, and should be set aside on the motion. On the whole we are inclined to sustain both the exceptions and motion.

*Verdict set aside.*
*New trial granted.*

TENNEY and APPLETON, J. J., concurred.
SHEPLEY, C. J., did not concur.